**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANTOINE GUY JEAN PAUL BORDELAIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 20 C 01709 |
| v. | ) | |
| | ) | Judge John J. Tharp, Jr. |
| VALERIE ANN BORDELAIS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

For the reasons set forth in the Statement below, the Court grants Defendant's motion to dismiss the complaint for lack of subject matter jurisdiction. As it may be possible to cure the complaint's deficiency with additional pleading, the dismissal is without prejudice. Plaintiff may, if consistent with Fed. R. Civ. P. 11, file an amended complaint on or before May 10, 2021. If Plaintiff chooses instead to stand on his original pleadings, the Court will enter a final and appealable Judgment in Defendant's favor.

## STATEMENT

Plaintiff Antoine Bordelais brings a *pro se* complaint of defamation of character against defendant Valerie Ann Bordelais.[1] The complaint alleges that the parties were married in 1999 and separated in 2014 and that the defendant "wrongfully removed the plaintiff's minor child from Switzerland abducting her to Naperville, IL." Compl. ¶¶ 3-6. The plaintiff states that the defendant has "systematically defamed the plaintiff's character in an attempt to wrongfully gain sole custody of the plaintiff's minor child and wrongfully extract money from the plaintiff." *Id.* ¶ 9. He claims as a result that his reputation "has been ruined in the eyes of his minor child" as well as with other, unnamed, family members and friends. *Id.* at ¶ 16.

Defendant Valerie Ann Bordelais moves to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim. As to jurisdiction, Defendant argues that Plaintiff has not adequately pleaded that the amount in controversy exceeds the jurisdictional threshold of $75,000.

---

[1] Based on numerous prior dismissed filings, Plaintiff is subject to an order issued by the Executive Committee of this Court, barring him from filing any new civil action or proceeding without leave of the Court. *In the Matter of Antoine Guy Jean Paul Bordelais,* 20 C 4165, Dkt. No. 1. That Order was entered on July 15, 2020 and does not apply to cases that were already pending, as was this one.

The Court agrees; the complaint contains no fact allegations at all concerning the amount in controversy. Rather, it includes only a prayer for "compensatory, special, and punitive damages" of "no less" than $10 million.

That is not an adequate pleading, particularly when, as here, the amount in controversy is contested. *McMillian v. Sheraton Chicago Hotel & Towers*, 567 F.3d 839, 845 & n.9 (7th Cir. 2009) (no diversity jurisdiction where plaintiffs failed to support damage claims ranging from $500,000 to $1,000,000 with anything other than a demand for judgment in those amounts). A plaintiff (or a defendant seeking removal) who asserts subject matter jurisdiction based on diversity is required to provide at least a good-faith estimate that plausibly explains how the stakes exceed the jurisdictional threshold. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 617–18 (7th Cir. 2012). But here, the plaintiff provides no fact allegations in support of his claim for damages; his conclusory allegation about reputational harm do not suffice for this purpose. *See*, *e.g.*, *Davis v. LeClair Ryan, P.C.*, 363 Fed. App'x 395, 396-97 (7th Cir. 2010) (unsupported claim of pecuniary and emotional damages" held insufficient to establish threshold amount in controversy); *American Bankers Life Assur. Co. of Florida v. Evans*, 319 F.3d 907, 909 (7th Cir. 2003) (district court correctly declined to assess an amount for emotional distress damages where Plaintiff alleged no facts to support that claim); *Scott v. Bender*, 893 F. Supp. 2d 963, 973–74 (N.D. Ill. 2012) (allegations of "arrest, custody, fingerprinting, detention" and resulting "embarrassment, damage to reputation, harassment, emotional distress, loss of time, and other damages" held to be "vague generalizations that do not rise to the level of competent proof required to meet the statutory amount in controversy requirement necessary to invoke" diversity jurisdiction); *Lewis v. Weiss*, 631 F. Supp. 2d 1063, 1066 (N.D.Ill.2009) (holding that allegations of "reputational harm, emotional harm, emotional suffering, and humiliation" in addition to "substantial" legal expenses were too vague to establish the jurisdictional floor for damages, absent any actual evidence of injury); *Ganjavi v. Smith*, 2007 WL 2298375, at *4 (N.D. Ill. July 31, 2007) (allegations that plaintiff suffered reputational, physical, and emotional damages as the result of allegedly libelous conduct failed to establish that amount in controversy exceeded jurisdictional requirement where unsupported by any facts or evidence of specific injury).

Here, Plaintiff offers no allegations of fact to support his conclusory claim of reputational injury and emotional distress. To the contrary, while he asserts that the alleged defamatory statements by his wife have ruined his reputation with his daughter, the only allegation of fact germane to that claim cuts the other way, suggesting that his daughter recognized the falsity of the alleged defamatory statements. The complaint alleges that his daughter told police that Defendant (her mother) "***has made up many statements against her father [Plaintiff] that were untrue***." Compl. ¶ 12 (emphasis in original). Further, the complaint provides no allegations of any discernable effect of the defamatory statements on his reputation with the unidentified relatives and friends to which it refers. Again, the complaint alleges conclusorily, that there are "reasonable grounds to believe" that Defendant defamed him to family and friends, but alleges no facts that would support that inference, much less a plausible inference that the alleged statements caused reputational injury. For the same reason, Plaintiff's unexplained and unsupported claim for punitive damages does not suffice; the complaint's allegations must provide some plausible factual basis for the imposition of punitive damages. *Ganjavi*, 2007 WL at *5. A statement that there are reasonable—but unidentified—grounds to believe that defamation occurred falls short.

2

The Court gave Plaintiff the benefit of the doubt on initial review pursuant to 28 U.S.C. § 1915(e)(2); when the jurisdictional threshold is uncontested, courts generally accept the plaintiff's allegation about the amount in controversy, *McMillan*, 567 F.3d at 844, but once the amount in controversy is contested, "the proponent of jurisdiction … has the burden of showing by a preponderance of the evidence facts that suggest the amount-in-controversy requirement is met." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). That has long been the case; "[t]he rule is firmly settled that the mere allegation of the jurisdictional amount when challenged as it was here is not sufficient and that the burden is upon the plaintiff to substantiate its allegation." *Powder Power Tool Corp. v. Powder Actuated Tool Co.*, 230 F.2d 409, 414 (7th Cir. 1956). Plaintiff will have another opportunity to satisfy this requirement, which is not onerous. To invoke the Court's diversity jurisdiction, Plaintiff must file an amended complaint that alleges facts that plausibly (rather than conclusorily) explain how the stakes exceed the jurisdictional threshold. *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 764 (7th Cir. 2011); *cf. Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). And if those fact allegations are contested, Plaintiff will be required to prove them by a preponderance of the evidence.

Because jurisdiction has not yet been established, the Court will not rule on Defendant's alternative ground for dismissal: failure to state a claim. As the Court noted on initial review, however, the Illinois litigation privilege will likely bar reliance by Plaintiff on statements made in connection with the investigation, initiation, or conduct of litigation to support a claim of defamation. *See, e.g., Johnson v. Johnson & Bell, Ltd.*, 2014 IL App (1st) 122677 ¶ 15, 7 N.E.3d 52, 56 (Ill. App. Ct. 2014) (litigants are "absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of, a judicial proceeding. Leave to amend having been given to address the complaints failure to adequately allege the amount in controversy, Plaintiff should make his best effort to state a claim that relies on statements that are not subject to the litigation privilege.

Date: April 19, 2021

John J. Tharp, Jr.
United States District Judge